JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06275-JHN -AJWx | Date | September 19, 2011 |
|---|---|---|---|
| Title | Christian Ashton v. JPMorgan Chase Bank NA et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND REMANDING STATE CLAIMS TO LOS ANGELES COUNTY SUPERIOR COURT** (In Chambers)

The matter is before the Court on Defendant JP Morgan Chase Bank, N.A. ("Chase") and California Reconveyance Company's (collectively "Defendants") Motion to Dismiss Plaintiff Christian Ashton's ("Plaintiff") Complaint (docket no. 5), filed on August 5, 2011.  On September 7, 2011, Plaintiff filed an Opposition.[1]  (Docket no. 9.)  On September 12, 2011, Defendants filed a Reply. (Docket no. 11.)  The Court has considered these pleadings and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Accordingly, the hearing set for September 26, 2011, is vacated.

For the reasons herein, the Court GRANTS Defendants' Motion, DISMISSES Plaintiff's federal claims, and REMANDS the state claims to Superior Court of the State of California, County of Los Angeles.[2]

**I.      Background**

---

[1] Plaintiff's opposition was filed 2 days late. *See* L.R. 7-9 (opposition must be filed no later than 21 days before the date of the hearing).  While the Motion could be granted on this basis alone, the Court will nonetheless address the merits of the Motion.

[2] Since the Court dismisses Plaintiff's federal claims and remands the state claims, the Court need not address Defendants' alternative grounds for dismissal and need not rule on Defendants' request for judicial notice, on which this order does not rely.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06275-JHN -AJWx | Date | September 19, 2011 |
|---|---|---|---|
| Title | Christian Ashton v. JPMorgan Chase Bank NA et al | | |

On or about November 6, 2007, Plaintiff obtained a mortgage loan from Washington Mutual Bank for a sum of $1,880,000.00. (FAC ¶ 1.) Plaintiff defaulted on the loan, and on January 3, 2011, Chase purchased the Property at a trustee's sale.

On May 16, 2011, Plaintiff filed this action against Defendants in the Superior Court for the County of Los Angeles. On July 6, 2011, Plaintiff filed a First Amended Complaint ("FAC"). Defendants removed the action to this Court based on federal question jurisdiction on July 29, 2011. (Docket no. 1.)

Plaintiff's FAC asserts twenty-four causes of action, of which only two are alleged violations of federal law: violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Claim 5), and violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. (Claim 6). The remaining claims assert violations of state law.

## II. Legal Standard

Rule 12(b)(6) permits a party to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, courts generally cannot consider material outside the complaint, such as facts presented in briefs, affidavits, or discovery materials, unless such material is alleged in the complaint or judicially noticed. *McCalip v. De Legarret*, No. CV-08-2250, 2008 U.S. Dist. LEXIS 87870, at *4 (C.D. Cal. Aug. 18, 2008); *see Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). Courts must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). However, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Courts need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Based on judicial experience and common sense, courts must determine whether a complaint plausibly states a claim for relief. *Id.* at 1950.

Part of the Court's determination as to whether a claim plausibly states a claim for relief involves an analysis of a pleading's factual specificity. Asserting more than mere conclusory statements, a complaint must provide a factual basis showing that a plaintiff is

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06275-JHN -AJWx | Date | September 19, 2011 |
|---|---|---|---|
| Title | Christian Ashton v. JPMorgan Chase Bank NA et al | | |

entitled to relief and giving the defendant fair notice of claims and relief asserted. *Id.* at 1950–51; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); Fed. R. Civ. P. 8(a)(2). Although a lengthy factual background is unnecessary, dismissal of a complaint is warranted where the plaintiff fails to allege specific facts needed to support the plausibility of a claim or provide fair notice to the opposing party. *See id.*

### III. Discussion

#### A. Truth in Lending Act ("TILA")

Plaintiff complains that Defendants violated TILA by "failing to provide Plaintiff with accurate material disclosures" and failing to inform him "of the pros and cons of adjustable rate mortgages." (FAC ¶ 71.) Plaintiff also claims that he has a three year right to cancel this loan. (*Id.* ¶ 78.)

Defendants assert that the TILA claim fails because it is time-barred. TILA generally provides for a one-year statute of limitations or, where rescission is sought, a three-year statute of limitations. 15 U.S.C. §§ 1640(e), 1635(f). Generally, the statute of limitations commences at the loan's origination. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) ("[A]s a general rule the limitations period starts at the consummation of the transaction.").

In this case, the loans originated on or about November 6, 2007. Because Plaintiff filed this action on May 16, 2011, more than three years after the alleged violation, Plaintiff's claim for monetary damages under the TILA is time-barred, unless equitable tolling applies. *See King*, 784 F. 2d at 915 (equitable tolling of civil damages brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action). "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor, Inc.*, 465 F. 3d 1063, 1068 (9th Cir. 2006) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89,96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990)). Plaintiffs' TILA claim for damages is clearly time-barred. Although Plaintiff claims that he was never given a complete loan package and therefore did not have the "tools necessary to . . . discover the TILA violations," this bare allegation does not suffice to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06275-JHN -AJWx | Date | September 19, 2011 |
|---|---|---|---|
| Title | Christian Ashton v. JPMorgan Chase Bank NA et al | | |

trigger equitable tolling. Information regarding the "pros and cons" of adjustable rates are widely available to the public, and there is no indication that Defendants interfered with Plaintiff's right to pursue judicial remedies in any way. Accordingly, the Court GRANTS Defendants' Motion and dismisses Plaintiff's TILA claim with prejudice.[3]

### B. Real Estate Settlement Procedures Act (RESPA)

Plaintiff's second federal claim alleges violations of the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff claims that Chase was paid "unearned fees . . . in the form of a Yield Spread Premium which increased the interest rate . . . resulting in Chase receiving a windfall of 'buy back fees' over the life of the loan." (FAC ¶ 83.)

Even if Plaintiff's claim was cognizable under RESPA, it is time-barred by the statute of limitations. *See* 12 U.S.C. § 2614; *see also Patague v. Wells Fargo Bank, N.A.*, No. 10-03460, 2010 U.S. Dist. LEXIS 124980, at *9–10 (N.D. Cal. Nov. 5, 2010) ("The statute of limitations for a RESPA claim is three years for violations of *12 U.S.C. § 2605* and one year for violations of *§ 2607* or *2608* 'from the date of the occurrence of the violation[.]'"). In this case, the loan transaction took place on November 6, 2007. This complaint was not filed until May 16, 2011. Therefore, any violation related to the "closing on the sale" would be time-barred. Accordingly, the Court GRANTS Defendants' Motion as to Plaintiff's claim for violations of RESPA. The Court finds that no amendment could save this claim, and it is dismissed with prejudice.

### C. Remaining Claims—Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and federal district courts have original jurisdiction over claims raising federal questions or involving parties with diverse citizenship. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

---

[3] It appears that Plaintiff also alleges a claim for TILA rescission in the FAC. (*See* FAC ¶ 78.) However, this claim is likewise time-barred as the three-year statute of limitations has run. Further, unlike a TILA damages claim, equitable tolling is not available for a rescission claim under TILA. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998); *King*, 784 F.2d at 914. Therefore, to the extent Plaintiff asserts a claim for TILA recission, that claim is also dismissed.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06275-JHN -AJWx | Date | September 19, 2011 |
|---|---|---|---|
| Title | Christian Ashton v. JPMorgan Chase Bank NA et al | | |

"[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Id.* However, a district court may decline to exercise supplemental jurisdiction over state-law claims under various circumstances, including if the state-law claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

Here, other than the TILA and RESPA claims, Plaintiff's remaining causes of action are all based on state law. The Court therefore has only supplemental jurisdiction over these claims. However, because the Court dismisses Plaintiff's federal TILA and RESPA claims, the Court must decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## IV. Conclusion

For these reasons, the Court GRANTS Defendants' Motion as to Plaintiff's TILA and RESPA claims, and dismisses those claims with prejudice. (Docket no. 5.) The Court declines supplemental jurisdiction over the remaining state law claims, and hereby REMANDS the remaining claims to the Superior Court of the State of California, County of Los Angeles.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |